THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE PEDRAZA NIEVES,

    Plaintiff,

    vs.                                                                 Case No:  2:23-cv-1209

RACETRAC, INC.,

    Defendant.

_____ /

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant RACETRAC, INC., (hereinafter "RaceTrac") hereby removes to this Court the action filed against it in the Circuit Court of the Twentieth Judicial Circuit, in and for Collier County, Florida, Case No. 23-CA-001470.  As grounds for removal of this action to the United States Court for the Middle District of Florida, Fort Myers Division, RaceTrac states as follows:

## INTRODUCTION/FACTUAL BACKGROUND

1.    This Complaint arises from the Plaintiff, JOSE PEDRAZA NIEVES, allegedly tripping on a windshield water box while at RaceTrac's self-service gasoline station on or about June 29, 2022, thereby causing personal injury.  Plaintiff alleges that RaceTrac had a duty to exercise reasonable care for his safety. The Complaint is attached as Exhibit "A".

2.     Plaintiff filed this lawsuit in the Circuit Court in and for Collier County on March 23, 2023, captioned *Jose Pedraza Nieves v. RaceTrac, Inc.* (the "Circuit Court case").  The Circuit Court case was assigned Case Number 23-CA-001470. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders in the Circuit Court file for Case No. 23-CA-001470 are attached hereto as Exhibit "B".

3.     Under 28 U.S.C. § 1441(a), venue properly rests in the Fort Myers Division of the United States District Court for the Middle District of Florida, as this action is being removed from the State Court where it was originally filed in the Twentieth Judicial Circuit, in and for Collier County, Florida.

## GROUNDS FOR REMOVAL

4.     Removal is proper in this case based on diversity jurisdiction. A District Court's diversity jurisdiction may be invoked where there is complete diversity between the parties at interest properly joined and served and where the matter in controversy exceeds $75,000.00. Both requirements are met in this case. *See* 28 U.S.C. § 1441.

5.     The federal removal statute provides for two points in time at which removal may be appropriate. First, where grounds for federal jurisdiction exist on the face of the complaint, defendants shall remove within 30 days of service. 28 U.S.C. § 1446(b)(1).   Second, as applicable here:

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service

or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

*Id*. § 1446(b)(3).

6.      Here, grounds for removal did not exist on the face of the complaint as Plaintiff did not allege an amount in controversy that exceeded $75,000, and until Plaintiff's discovery responses, Plaintiff did not provide information from which Defendant could ascertain his injuries or the amount in controversy or the Plaintiff's citizenship.

7.      The standard of proof that must be met depends on whether the party is removing the case under subparagraph (1) or subparagraph (3) of 28 U.S.C. § 1446(b). Where the removal is based on the initial pleading under subparagraph (1), the elements of removal must be proven by a preponderance of the evidence. 28 U.S.C. § 1446(c)(2)(B). Where the removal is based on an "other paper" under subparagraph (3), the elements of removal must be "unambiguously established." *Lowery v. Alabama Power Co.*, 483 F. 3d 1184, 1207 (11th Cir. 2007).

8.      Further, under 28 U.S.C. § 1446(b)(3)(A), "information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)." The requirements for removal under diversity of citizenship are met as follows:

## DIVERSITY OF CITIZENSHIP EXISTS

9.     Diversity of citizenship exists when a suit is between citizens of different States. 28 U.S.C. § 1332 (a)(1).  Here, there is complete diversity of citizenship between Plaintiff and RaceTrac because they are citizens of different States.

10.    Upon information and belief, Jose Pedraza Nieves is a citizen of Florida.

  a.     For purposes of diversity jurisdiction, the court must look to the citizenship of the parties at the time when the action was filed.  *See Freeport–McMoRan, Inc. v. K N Energy, In*c., 498 U.S. 426, 428 (1991).  Citizenship is equivalent to "domicile" for the purposes of diversity jurisdiction. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).  "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom."  *Id*. at 1257-58 (internal quotations and citations omitted).  Further, where one lives is prima facie evidence of domicile.  *Dist. of Columbia v. Murphy*, 314 U.S. 441, 455 (1941); *Stine v. Moore*, 213 F.2d 446, 448 (holding that while "residence alone is not the equivalent of citizenship, although the place of residence is prima facie the domicile"); *see also King v. Cessna Aircraft Co*., 505 F.3d 1160, 1171-72 (11th Cir. 2007) (recognizing a presumption that a person's state of residence is also his state of domicile).

b.      First, in his Complaint, Plaintiff fails to allege whether he was a citizen of Florida. *See* Complaint, attached as Exhibit "A." Accordingly, on June 6, 2023, Defendant served Request for Admissions on the Plaintiff which sought information relating to Plaintiff's citizenship. *See* Request for Admissions, attached as Exhibit "C."

c.      On November 29, 2023, Plaintiff Jose Pedraza Nieves served his Responses to the Requests for Admissions. *See* Plaintiff, Jose Pedraza Nieves' Response to Request for Admissions Exhibit "D".

d.      With respect to his citizenship, Plaintiff Jose Pedraza Nieves admitted the following:

i.      That on the date of filing of the Complaint and at all times relevant and material to the Complaint, Plaintiff Jose Pedraza Nieves was a citizen of the State of Florida.  Exhibit "D" ¶ 1.

ii.     That on the date of filing of the Complaint and at all times relevant and material to the Complaint, Plaintiff Jose Pedraza Nieves' true, fixed and permanent home and principal establishment was located in the State of Florida.  Exhibit "D" ¶ 2.

iii.    That Plaintiff Jose Pedraza Nieves was not a citizen of the State of Georgia for purposes of diversity jurisdiction pursuant to 28 U.S.C. §1332. Exhibit "D" ¶ 8.

e. "There is a presumption that the state in which a person resides at a given time is also that person's domicile for purposes of diversity jurisdiction." *Jones*, 141 F. Supp. 2d at 1355. Since there is a lack of any allegation that the Plaintiff was domiciled or citizen of anywhere but Florida, the Court may presume, until controverted by fact, that the Plaintiff was domiciled in Florida and was citizens of Florida. *See Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1342 (11th Cir. 2011).

11. For the purposes of establishing diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

12. Plaintiff alleges that RaceTrac is a "Foreign Profit Corporation. . . ." [Compl. at ¶ 3.] For purposes of diversity jurisdiction, the Court must look to the state of incorporation and principal place of business. Defendant RaceTrac is a Georgia corporation with its principal place of business in Georgia. [See Ex. "E", Florida Depart of State printout.] Thus, Defendant RaceTrac is a citizen of Georgia.

13. The Plaintiff is a citizen of Florida and RaceTrac is a citizen of Georgia. Therefore, diversity of citizenship is complete since the Plaintiff does not share citizenship with RaceTrac.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

14.     The Plaintiff's claims in this matter exceed $75,000.00, exclusive of attorney's fees or costs.

15.     In the Complaint, Plaintiff claims the damages exceed $50,001.00 and otherwise does not demand a specific sum. [Compl. at ¶ 1.]  Plaintiff also does not offer any description of his claimed injuries in the Complaint.

16.     On November 29, 2023, Plaintiff Jose Pedraza Nieves served his answers to Defendant's interrogatories. [Ex. "F", Plaintiff Jose Pedraza Nieves's Answers to Interrogatories.]

17.     In Plaintiff Jose Pedraza Nieves' answers to Defendant's interrogatories, Plaintiff claims that he injured his right-side rib area, shoulder, trunk, back, abdomen, neck and sustained an aggravation of an aortic aneurysm as a result of the accident. [Ex. "E", Plaintiff Jose Pedraza Nieves' Answers to Interrogatories at No. 10] He also disclosed that he accrued $499,742.20 in medical bills from his treatment. [Ex. "G", Plaintiff Jose Pedraza Nieves' composite billing records received in Res. Req. Produce.]

18.     Plaintiff is also making pain and suffering claims, which would expand his damages and claims for lost past wages and loss of future earning capacity. [Ex. "F", Plaintiff Jose Pedraza Nieves' Answers to Interrogatories at No. 12.]

19.     It is unambiguously established that the amount in controversy in this matter exceeds $75,000.00 based on the Plaintiff's claims and the medical bills incurred to date.

20.     Although RaceTrac denies any liability in this matter, Plaintiff's discovery responses establish that the amount in controversy exceeds $75,000.00, exclusive of attorney's fees and costs.

## REMOVAL TIMELY IS OTHERWISE PROPER

21.     Removal in this case is timely because it is filed within thirty days of Plaintiff's Answers to Interrogatories, Response to Request to Produce and Response to Request for Admissions filed on November 29, 2023.

22.     There is no other defendant named in this action. Therefore, RaceTrac does not need to obtain the consent from any other party prior to removal.

23.     Written notice of this filing is being promptly given to counsel for Plaintiff and a Notice of Filing this Notice of Removal is being promptly filed with the Clerk of Court of the Twentieth Judicial Circuit, in and for Collier County, Florida., as required by 28 U.S.C. § 1446(d).  A copy of this Notice is attached hereto as Exhibit "H".

WHEREFORE, for the reasons stated above, RaceTrac has removed the action presently pending against it in the Twentieth Judicial Circuit, in and for

Collier County, Florida, Case No. 23-CA-001470 to the United States District Court

for the Middle District of Florida, Fort Myers Division.

Dated this 22nd day of December 2023.

Respectfully submitted:

/s/Elizabeth Dehaan
Elizabeth Dehaan, Esquire
Florida Bar No: 105846
BANKER LOPEZ GASSLER P.A.
4415 Metro Parkway, Suite 208
Fort Myers, FL  33916
Tel No:  (239) 322-1300
Fax No: (239) 322-1310
Email: service-edehaan@bankerlopez.com
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing

was electronically served via the Court's CM/ECF System, this 22nd day of

December, 2023, on the following counsel of record identified below:

Maria R. Alaimo, Esq
Law Office of Maria R. Alaimo, LLC
5237 Summerlin Commons Blvd.
Suite 477
Fort Myers, Florida 33907
Tel No: (239) 223-4677
Fax No: (239) 323-3789
Maria@mariagetsjustice.com
Michael@mariagetsjustice.com
*Attorneys for Plaintiff*

/s/ *Elizabeth Dehaan*
Elizabeth Dehaan, Esquire
Florida Bar No: 105846
BANKER LOPEZ GASSLER P.A.
4415 Metro Parkway, Suite 208
Fort Myers, FL  33916
Tel No:  (239) 322-1300
Fax No: (239) 322-1310
Email: service-edehaan@bankerlopez.com
*Attorneys for Defendant*